## Case No. 5,118.

### In re FRIEDLOB.

[19 N. B. R. 122;[1] 11 Chi. Leg. News, 189.]

District Court, W. D. Tennessee. 1879.

Before T. J. Lathan, Register:

[1][Reprinted by permission.]

HAMMOND, District Judge. The course suggested by the register will not answer the purpose. It goes on the assumption that all the creditors of the bankrupt are, as a matter of fact, mentioned in his schedules, and notice to them will be notice by mail to all "who have proved their debts," as the statute requires. Rev. St. § 5109. Now it is possible that the bankrupt may have left off his schedules the name of some one or more of his creditors by misadventure, or it may be, designedly in the case of some creditor known to be hostile; and as some creditors of this kind may have proved their debts, under the plan above suggested, they would receive no notice by mail. The statute (section 5109) provides for a publication of a notice of any application for discharge, which seems designed to protect the creditors against a discharge without notice; but this kind of notice will not bind a creditor who has proved his debt, nor can he be prejudiced by the loss of his proof from the files. Having proved his debt, he is entitled to notice by mail. The loss of these papers is the bankrupt's misfortune, and until they are supplied he can no more be legally discharged than he could be if other material points, or the whole of the record, were lost. Lost records are supplied in this court under the provisions of the Rev. St. §§ 899, 900. That the proofs of debt are a part of the record there can be no doubt. In re Emison [Case No. 4,459]; Anon. [Id. 460]. The clerk will certify this opinion to the register.